2013-3155

_____

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

MERLINE FAUST,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent, and

UNITED STATES POSTAL SERVICE,

Intervenor.

_____

Petition for Review of the Merit Systems Protection Board in No. DA4334120409-I-1

_____

BRIEF FOR INTERVENOR,
UNITED STATES POSTAL SERVICE

_____

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

MARTIN F. HOCKEY, JR.
Assistant Director

Of Counsel:

DAVID C. BELT
Appellate Attorney
United States Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260

ALLISON KIDD-MILLER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
PO Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-3020

February 18, 2014

Attorneys for Intervenor

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ............................................................................... ii

STATEMENT OF RELATED CASES ................................................................iv

STATEMENT OF THE ISSUE..........................................................................1

STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS ...................2

SUMMARY OF ARGUMENT ...........................................................................7

ARGUMENT ....................................................................................................8

I.      Judicial Review Of The Board's Decision Is Limited ....................................8

II.     This Court Should Affirm The Decision Dismissing Ms. Faust's Appeal .....9

        A.     Ms. Faust Failed To Identify Any Work That She Could Have ............ Performed Within Her Medical Restrictions.......................................10

        B.     Ms. Faust Failed To Make Any Nonfrivolous Allegation That Would Render The Denial Of Her Restoration Request Arbitrary And Capricious..........................................................................................13

             1.     Ms. Faust Failed To Make A Nonfrivolous Allegation That The Postal Service Failed To Comply With Its Obligation To Search For Work She Could Perform ...................................................14

             2.     Ms. Faust Failed To Make A Nonfrivolous Allegation That The Postal Service Denied Her Restoration Request Based Upon Discrimination And Retaliation ................................................19

CONCLUSION .................................................................................................25

i

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## <u>Cases</u>

*Baker v. United States Postal Service*,
    71 M.S.P.R. 680 (1996) .................................................................11

*Bante v. Merit Systems Protection Board*,
    966 F.2d 647 (Fed. Cir. 1992) ................................................. 9, 25

*Beam v. Office of Personnel Management*,
    77 M.S.P.R. 49 (1997) ...................................................................23

*Bennett v. United States Postal Service*,
    118 M.S.P.R. 271 (2012) ................................................ 11, 17, 20

*Bledsoe v. Merit Systems Protection Board*,
    659 F.3d 1097 (Fed. Cir. 2011) ..................................... 8, 9, 10, 13

*Cavanagh v. United States Postal Service*,
    44 M.S.P.R. 485 (1990) .................................................................11

*Conforto v. Merit Systems Protection Board*,
    713 F.3d 1111 (Fed. Cir. 2013) ....................................................22

*Cross v. Southwest Recreational Industries, Inc.*,
    17 F.Supp.2d 1362 (N.D. Ga. 1998) .............................................20

*Davidson v. United States Postal Service*,
    24 F.3d 223 (Fed. Cir. 1994) ........................................................22

*Davis v. United States Postal Service*,
    120 M.S.P.R. 122 (2013) ....................................................... 15, 17

*Garcia v. Department of Homeland Security*,
    437 F.3d 1322 (Fed. Cir. 2006) ................................................ 9, 10

*Gonzalez-Acosta v. Department of Veterans Affairs*,
    113 M.S.P.R. 277 (2010) ........................................... 11, 18, 19, 20

Page(s)

## **Cases (continued)**

*Harris v. Department of Veterans Affairs*,
142 F.3d 1463 (Fed. Cir. 1998) ....................................................8

*Latham v. United States Postal Service*,
117 M.S.P.R. 429 (2012) .................................................. *passim*

*Mueller v. United States Postal Service*,
76 F.3d 1198 (Fed. Cir. 1996) ....................................................13

*Regan v. Natural Resources Group, Inc.*,
345 F.Supp.2d 1000 (D. Minn. 2004) ........................................20

*Rodriguez-Moreno v. United States Postal Service*,
115 M.S.P.R. 103 (2010) .............................................................15

*Stokes v. Federal Aviation Administration*,
761 F.2d 682 (Fed. Cir. 1985) ....................................................10

*Warren v. Department of Army*,
804 F.2d 654 (Fed. Cir. 1986) ....................................................24

*White v. United States Postal Service*,
117 M.S.P.R. 244 (2012) .............................................. 11, 17, 18

## **Statutes And Regulations**

5 U.S.C. § 7703(c) ............................................................................8

5 U.S.C. § 8151 ................................................................................2

5 C.F.R. § 353.102 ...........................................................................2

5 C.F.R. § 353.301(d) ...................................................................2, 9

5 C.F.R. § 353.304(c) .......................................................................9

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Rule 47.5, respondent's counsel states that she is unaware of any other appeal in or from this action that previously was before this Court or any other appellate court under the same or similar title. Counsel also is unaware of any other cases that may be affected by the Court's decision in this case.

BRIEF FOR INTERVENOR,
UNITED STATES POSTAL SERVICE

_____

2013-3155

_____

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

MERLINE FAUST,
Petitioner,
v.

MERIT SYSTEMS PROTECTION BOARD,
Respondent, and

UNITED STATES POSTAL SERVICE,
Intervenor.

_____

Petition for Review of the Merit Systems Protection Board in No. DA4334120409-I-1

_____

## STATEMENT OF THE ISSUE

To establish Merit Systems Protection Board (MSPB or board) jurisdiction over a claim that a Federal agency improperly failed to restore an employee to service upon partial recovery from an on-the-job injury, the employee must make a nonfrivolous allegation that the denial was arbitrary and capricious. The board found that petitioner, Merline Faust, failed to make any such allegation here, where the United States Postal Service conducted a proper search for work she could

perform, and Ms. Faust raised no facts giving rise to an inference of discrimination or retaliation.  Should this Court affirm the dismissal?

## STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS

Ms. Faust asserts a claim pursuant to the Federal Employees' Compensation Act and its implementing regulations, which provide Federal employees who suffer compensable injuries with certain rights to be restored to duty.  5 U.S.C. § 8151; 5 C.F.R. Part 353.  In the case of an employee who, like Ms. Faust, cannot resume the full range of her regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements, an agency must make "every effort" to restore the individual to a position within her medical restrictions and within the local commuting area. 5 C.F.R. §§ 353.102, 353.301(d).

Ms. Faust seeks review of a July 1, 2011 order of the MSPB affirming, as modified, a decision by an administrative judge dismissing her appeal for lack of jurisdiction.   A16-21.[1]  The board concluded that Ms. Faust—who alleges that the Postal Service improperly failed to restore her to work after she sustained a compensable injury—failed to make a nonfrivolous allegation that the denial of restoration was arbitrary and capricious.  A20-21.

---

[1] "A__" refers to pages in the joint appendix to be filed by petitioner.

Ms. Faust is a letter carrier. A17. In May 2011, she allegedly suffered heat stroke while delivering mail on an 84-degree, partly to mostly cloudy day with gusting winds. A3, 153. At the emergency room, she was diagnosed with Acute Coronary Syndrome. A3. Subsequent medical examinations revealed high blood pressure and presyncope, which can cause fainting. *Id.*; *see* A68.

Ms. Faust's doctor initially ordered her to remain off duty but, in late July, cleared her for work with the following limitations:

- Eight hours of work in temperatures from "78° to 85°";
- Six hours of standing or operating a motor vehicle;
- Five hours of walking or lifting no more than 20 pounds;
- Four hours of reaching; and
- One hour of sitting, bending, pushing, pulling, squatting, kneeling, or climbing.

A2, 163.

The Postal Service made "every effort" to identify work that Ms. Faust could perform with these restrictions, but could find none. A2, 19-20, 106-07, 194-95. Adriene Butler and Tracy Williams, management officials from two different locations, each searched for work for Ms. Faust. A106-07, 194-95. Ms. Butler consulted a "necessary task worksheet" when screening for work assignments that Ms. Faust might be able to perform. A106. But contrary to Ms. Faust's assertion, Pet. Br. at 5, Ms. Butler did not stop there. Rather, both Ms. Butler and Ms. Williams searched approximately 100 other facilities within

the commuting area for tasks not only within Ms. Faust's usual craft, but also

outside her craft and on different shifts.  A106-07, 194-95; *see* A197-447.  Despite

these extensive searches, the Postal Service could not identify any work within

Ms. Faust's temperature and medical limitations.  A2, 19-20, 106-07, 194-95.

Contrary to Ms. Faust's contention, Ms. Williams and Ms. Butler did

"consider . . . alternative accommodations[]."  Pet. Br. at 6.  Ms. Williams certified

that she attempted to "identify any possible accommodations" for Ms. Faust.

A194-95.  Similarly, Ms. Butler considered whether Ms. Faust "could be

accommodated elsewhere" within a 50-mile radius, but concluded that "no work

was available," and granting "accommodations would have posed a hardship"

because there were no vacant positions at her Post Office.  A67.

About a month later, the Office of Workers Compensation (OWCP)

informed Ms. Faust that, although it initially had accepted her claim for benefits, it

was terminating benefit payments pending further medical evaluation.  A3, 151-53.

Ms. Faust then presented the Postal Service with a release from her doctor clearing

her to resume all duties as a letter carrier without restriction.[2]  A3.  She returned to

full duty without restrictions a few days later.  *Id*.

---

[2] Ms. Williams denied requiring Ms. Faust to provide a full release before
returning to work.  *Compare* A70, *with* Pet. Br. at 6.  In any event, it is undisputed
that Ms. Faust's doctor cleared her to return without restriction.  A3.

4

Thereafter, OWCP denied Ms. Faust's claim for compensation. A3, 154-58. OWCP found "no objective medical evidence confirming that [Ms. Faust] did suffer from a heat stroke or heat exhaustion," but instead may have become sick "due to improper management of [her] preexisting" high blood pressure. A157. Ms. Faust appealed that decision through the OWCP process, and the hearing officer reversed the denial based upon procedural error. A3-4. Accordingly, the board considered Ms. Faust to have suffered a compensable on-the-job injury.

Ms. Faust simultaneously was pursuing an Equal Employment Opportunity (EEO) claim at the agency, alleging retaliation and disability discrimination. After investigating, the EEO office found no discrimination. A73.

Ms. Faust appealed to the MSPB, challenging the agency's failure to restore her to a position during the approximately three month period she was partially recovered (between July 8, 2011, when her doctor cleared her for limited duty, and October 17, 2011, when her doctor cleared her to return to full duty). A1-3. She also alleged discrimination and retaliation. A17-18. An administrative judge found that Ms. Faust failed to make a nonfrivolous allegation that the agency's denial of restoration was arbitrary and capricious, as necessary for board jurisdiction. A7-9. The administrative judge rejected Ms. Faust's assertions that the Postal Service misinterpreted her medical restrictions, or that it failed to

5

comply with its own internal policies by failing to find her work somewhere within the agency. A8-9. The administrative judge found that the Postal Service properly interpreted Ms. Faust's prescribed medical restrictions, and that Ms. Faust failed to identify any agency policy that was violated. *Id.* Finally, in the absence of an otherwise appealable adverse action, the administrative judge declined to consider Ms. Faust's discrimination claims. A10. The administrative judge dismissed the appeal for lack of jurisdiction. A11.

Ms. Faust petitioned the full board for review. The board affirmed the decision of the administrative judge, with two modifications. First, contrary to the administrative judge, the board found that the Postal Service does have an internal policy requiring it to search for tasks, and not just established positions, that a partially recovered employee can perform. A19. However, the board found that the Postal Service complied with that requirement here. *Id.*

Second, although the board agreed with the administrative judge that it does not possess jurisdiction over retaliation and discrimination claims in the absence of an otherwise appealable action, the board found that the administrative judge should have considered Ms. Faust's retaliation and discrimination claims to the limited extent that they pertained to the jurisdictional issue; that is, as an allegation that the Postal Service denied Ms. Faust restoration "based on" retaliation or

6

discrimination.  A20.  Nevertheless, the board found that Ms. Faust failed to make nonfrivolous allegations in this regard.  *Id.*  Accordingly, the board affirmed the initial decision dismissing Ms. Faust's appeal for lack of jurisdiction.  A17-21.  Ms. Faust appealed to this Court.

## SUMMARY OF ARGUMENT

This Court should affirm the board's decision dismissing Ms. Faust's appeal for lack of jurisdiction.  Both the precedent of this Court and the board establish that dismissal of a restoration claim is proper where the petitioner fails to identify any available work she could perform given her medical restrictions.  Ms. Faust did not identify any such work before either the administrative judge or the board. This failure is fatal to her claim, and the Court should affirm the decision below on this basis.

In the alternative, the Court should affirm the board's decision because Ms. Faust failed to make a nonfrivolous allegation that the Postal Service acted arbitrarily and capriciously, either by failing to conduct a proper search for available work, or by discriminating or retaliating against her.  The board found that the Postal Service properly complied with its own rules when searching for work for Ms. Faust.  That finding is supported by substantial evidence, including more than 250 pages of record evidence documenting efforts by two separate

Postal Service officials to find any work within a 50-mile radius that Ms. Faust

could perform within her doctor's restrictive temperature and other limitations.

The board also properly concluded that Ms. Faust failed to make any

nonfrivolous allegation that the denial of restoration was arbitrary and capricious

based upon disability discrimination or retaliation.  Even if Ms. Faust could prove

that the Postal Service acted with discriminatory or retaliatory intent, which we

dispute, that intent is irrelevant given the board's finding that the agency fulfilled

its affirmative obligation to search for work Ms. Faust could perform (and found

none available).  Even assuming the Postal Service's intent is somehow relevant to

the jurisdictional issue, however, the board properly found that Ms. Faust did not

raise any facts giving rise to an inference of retaliatory or discriminatory intent.

Accordingly, this Court should affirm the decision below.

## ARGUMENT

### I.   Judicial Review Of The Board's Decision Is Limited

This Court reviews the question whether the board has jurisdiction to

adjudicate a particular appeal *de novo*, and reviews the underlying findings of fact

for substantial evidence.  *Bledsoe v. MSPB*, 659 F.3d 1097, 1101 (Fed. Cir. 2011);

*see* 5 U.S.C. § 7703(c).  Ms. Faust bears the burden of establishing reversible error

in the board's decision.  *See, e.g., Harris v. Dep't of Veterans Affairs*, 142 F.3d

1463, 1467 (Fed. Cir. 1998).

8

## II.    This Court Should Affirm The Decision Dismissing Ms. Faust's Appeal

To be entitled to a hearing at which she could attempt to prove board jurisdiction over her appeal, Ms. Faust first was required to make a nonfrivolous allegation that the Postal Service's denial of restoration was "arbitrary and capricious." *Bledsoe*, 659 F.3d at 1104; *see* 5 C.F.R. § 353.304(c). Ms. Faust did not fulfill this threshold requirement.

Employees who, like Ms. Faust, only partially recover from a compensable injury do not have an "unconditional right to restoration," but are entitled to "have the agency make 'every effort to restore' them . . . 'according to the circumstances in each case.'" *Id.* at 1103 (quoting 5 C.F.R. § 353.301(d)). Establishing board jurisdiction in such cases is a two-step process. *Id.* at 1102.

First, the petitioner "must meet the threshold requirement of making non-frivolous allegations of fact which, if true, would be sufficient to establish the Board's jurisdiction." *Id.* (citing *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1330 (Fed. Cir. 2006) (*en banc*)). In partial restoration cases, this threshold showing requires, *inter alia*, a nonfrivolous allegation that the denial of restoration was arbitrary and capricious. *Id.* at 1103-04. To be nonfrivolous, an allegation must be "supported by factual assertions indicating that [it] is not a pro-forma pleading. A merely conclusory pleading is insufficient." *Bante v. MSPB*, 966 F.2d

9

647, 649 (Fed. Cir. 1992) (citing *Stokes v. Fed. Aviation Admin.*, 761 F.2d 682, 685-86 (Fed. Cir. 1985)).

Second, a petitioner who makes the necessary nonfrivolous assertions is "entitled to a jurisdictional hearing at which the petitioner must prove jurisdiction by preponderant evidence." *Bledsoe*, 659 F.3d at 1102 (citing *Garcia*, 437 F.3d at 1344). Only if the petitioner fulfills both of these requirements can the board can reach the merits of the case. *Id.*

Ms. Faust failed at the first step. The board properly found that Ms. Faust "failed to raise a nonfrivolous allegation that the denial of restoration was arbitrary and capricious" based upon either her claim that the Postal Service failed to follow its internal rules, or that the agency discriminated against her. A20-21. This Court should affirm that finding.

## A. Ms. Faust Failed To Identify Any Available Work That She Could Have Performed Within Her Medical Restrictions

This Court should affirm the board's decision on the ground that Ms. Faust failed to identify any available work that she could have performed within her medical restrictions. Both this Court and the board have held that dismissal of a restoration claim is proper where the petitioner fails to identify any vacant, available position within the commuting area that she was able to perform. *Bledsoe*, 659 F.3d at 1105 (affirming dismissal of partial restoration claim for lack

of jurisdiction where petitioner "did not identify any vacant position . . . she was able to perform"); *Bennett v. USPS*, 118 M.S.P.R. 271, 278 (2012) (no jurisdiction over restoration claim where appellant did not argue "that there was a vacant position, for which she was qualified, with essential functions that she could perform with or without accommodation"); *Latham v. USPS*, 117 M.S.P.R. 400, 429 (2012) (affirming dismissal where appellant "failed to identify any other tasks within her medical restrictions that might have been available for her to perform either inside or outside the context of a vacant funded position").

Similarly, an appellant fails to "raise[] allegations that, if proven, could support an inference of discrimination" where she "fail[s] to identify a reasonable accommodation under which [she] could perform the essential duties of [her] position or of a vacant position to which [s]he could be reassigned." *White v. USPS*, 117 M.S.P.R. 244, 250 (2012); *see also Gonzalez-Acosta v. Dep't of Veterans Affairs*, 113 M.S.P.R. 277, 284 (2010) (no disability discrimination where appellant failed to identify any "appropriate vacancy to which he could be reassigned"); *Baker v. USPS*, 71 M.S.P.R. 680, 699 (1996) (identifying "no basis for finding that the agency discriminated against the appellant by not reassigning him to a vacant position" where "the appellant has not even identified a type of job in which he believes he could have been accommodated"). *Cf. Cavanagh v. USPS*, 44 M.S.P.R. 485, 492 n. 9 (1990) (appellant met "burden of articulating a

11

reasonable accommodation" by "referring to a specific position whose duties he believed he could perform").

Here, Ms. Faust failed to identify any work that she could have performed during the approximately three month period at issue. As the administrative judge found, Ms. Faust "failed to identify any specific tasks, duties, vacant positions, or any other work that would fit within her medical restrictions." A9. Ms. Faust did not identify any such tasks before the full board, either. *See* A20 (finding Ms. Faust did not "identif[y] any category of available tasks that the agency excluded from its search"); *see also* A63, 72-73 (final agency EEO decision explaining Ms. Faust "did not identify any existing vacant and funded position, light duty or otherwise, which she was qualified to perform," and "did not make any specific accommodation proposal"). This failure is fatal to Ms. Faust's claim. Without identifying work that she could have performed, Ms. Faust failed to meet the nonfrivolous allegation standard required for a threshold showing of jurisdiction.

Ms. Faust now attempts to correct this failure of proof by suggesting that she could have served as a clerk or floor supervisor. Pet. Br. at 20 n.5-6. These are new factual allegations that Ms. Faust did not assert below. She does not cite any record evidence in support of these facts, but merely "avers" them in her brief to this Court. *Id.* This Court should decline to consider Ms. Faust's assertions in the

first instance. *Bledsoe*, 659 F.3d at 1104-05 (refusing to consider assertion that the Postal Service could have restored petitioner to one of three positions where petitioner raised assertion only after the board dismissed appeal for lack of jurisdiction); *see Mueller v. USPS*, 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) (Court does not consider facts raised for the first time on appeal and not presented to or addressed by the board).

Ms. Faust also asserts that she could have performed her letter carrier position if given an air conditioned van. Pet. Br. at 32. However, the record shows that she had an air conditioned van at the time of her injury. A92. And, in any event, that position "required the ability to carry mail weighing up to 35 pounds and to load/unload containers of mail weighing up to 70 pounds," weights in excess of the 20-pound lifting restriction imposed by her doctor. A63, 163. Accordingly, the Court should affirm the decision below.

### B.   Ms. Faust Failed To Make Any Nonfrivolous Allegation That Would Render The Denial Of Her Restoration Request Arbitrary And Capricious

In the alternative, this Court should affirm the board's dismissal because Ms. Faust failed to make a nonfrivolous assertion that the Postal Service's failure to restore her was arbitrary and capricious based upon either a violation of its own rules, discrimination, or retaliation.

1. **Ms. Faust Failed To Make A Nonfrivolous Allegation That The Postal Service Failed To Comply With Its Obligation To Search For Work She Could Perform**

The board properly found that Ms. Faust failed to raise a nonfrivolous allegation that the Postal Service's denial of restoration was arbitrary and capricious based upon a failure by the agency to follow its internal rules governing the search for work that Ms. Faust could perform.  A19-20.  Ms. Faust does not dispute the standard the board used; the board agreed with her that the Postal Service Employee and Labor Relations Manual (ELM) requires the agency to restore partially recovered individuals to duty in whatever tasks are available, regardless of whether those tasks comprise the essential functions of an established position.  A19 (citing *Latham*, 117 M.S.P.R. at 418).  Applying that standard here, however, the board found "[t]he record shows . . . the agency did conduct a proper search for available tasks within the appellant's medical restrictions."  *Id.*  Substantial evidence supports this finding.

As the board noted, the record contains more than 250 pages documenting the Postal Service's effort to find any tasks that Ms. Faust could perform.  *See id.* (citing pages 9 through 265 of Initial Appeal File).  The Postal Service contacted approximately 100 Postal Service offices, none of which had available work within Ms. Faust's medical restrictions.  A108-10, 196-447.  The Postal Service did not restrict its search to letter carrier or any other established positions, but instead

14

focused upon tasks Ms. Faust could perform, including work outside her craft, on different shifts, and in other facilities within the local commuting area. A106-07, 194-95; *see* A7 (administrative judge's finding that the Postal Service's search "found no adequate work doing operationally necessary tasks").

The Postal Service did not violate any rule when it consulted a "necessary tasks worksheet." Ms. Butler, Acting Manager of the Post Office where Ms. Faust originally was assigned, properly used this worksheet as a guide to help her screen for work assignments that Ms. Faust might be able to perform. *See* A106-07; *see Rodriguez-Moreno v. USPS*, 115 M.S.P.R. 103, 104 (2010) (describing use of "worksheet of operationally necessary tasks"). This was consistent with the requirement to search for "tasks," as opposed to established positions. A19; *Davis v. USPS*, 120 M.S.P.R. 122, 128-29 (2013) (citing the ELM and *Latham*, 117 M.S.P.R. at 418).

Ms. Faust incorrectly assumes that, because the task list was from 2009, it must have been out of date when the Postal Service searched for positions in 2011. Pet. Br. at 20. But Ms. Faust does not cite any evidence in support of her assumption that the task list changed in that two year period.

In addition, Ms. Faust incorrectly concludes that, because Ms. Butler consulted the necessary tasks worksheet, she failed to consider what work was actually available in 2011. Pet. Br. at 20-21. But the record makes clear that

Ms. Butler *both* reviewed the worksheet *and* searched for available work. In a message sent to more than 100 offices, Ms. Butler searched for any then-available "[l]imited [d]uty [w]ork" that Ms. Faust could perform within her doctor-imposed work restrictions. A110.

Moreover, Ms. Butler is not the only individual at the Postal Service who attempted to find work for Ms. Faust. Tracy Williams, Ms. Faust's manager, also conducted an extensive search. She sent messages to facilities within a 50-mile radius explaining, "I have a limited duty employee[] available for work," and listing Ms. Faust's medical restrictions. A196; *see* A195. But, as Ms. Williams explained, she was "[u]nable to identify any possible accommodations" for Ms. Faust due to her doctor-imposed "temperature restriction." A194-95.

Nor did the Postal Service restrict its search to outdoor positions, as Ms. Faust suggests. Pet. Br. at 20 n.6. Neither Ms. Butler nor Ms. Williams specified outdoor tasks in their searches. A110, 196.

Ms. Faust further asserts that the Postal Service failed to consider modifying existing positions to create a position she could perform. Pet. Br. at 22-23. As an initial matter, job modification was not necessary because Ms. Faust herself now alleges that she "could have performed the essential functions of alternate positions," such as clerk or floor supervisor, without modification. *Id.* at 31.

16

Even if Ms. Faust had not alleged that she was able to perform these jobs without modification, however, neither the Rehabilitation Act nor *Latham* required the Postal Service to do anything more than it did here.  First, "[i]t is well-established that the Rehabilitation Act . . . imposes no obligation on the agency to create modified work assignments" for employees who have suffered job-related injuries.  *Davis*, 120 M.S.P.R. at 130 (citing *Bennett*, 118 M.S.P.R. at 278); *White*, 117 M.S.P.R. at 252; A10, 20-21.  Second, even accepting the board's holding that *Latham* applies to Ms. Faust's case, it does not create an "absolute" right to a modified assignment, but conditions that right "on the availability of work within [the appellant's] medical restrictions."[3]  *Latham*, 117 M.S.P.R. at 429.  Where the agency searches for tasks that an appellant can perform within her medical restrictions, it has complied with the requirements of *Latham*.  *Id*.  As the board found and as demonstrated above, the Postal Service did so.  A19-20.

Additionally, the record demonstrates that the Postal Service did consider "accommodation or reassignment."  Pet. Br. at 22-23.  Both Ms. Butler and Ms. Williams searched for work outside Ms. Faust's craft, and Ms. Williams specifically searched for "any possible accommodations."  A106, 194.  But there

---

[3] *But see Davis*, 120 M.S.P.R. at 137 (Robbins, dissenting) (explaining why *Latham* should be restricted to cases involving termination of previously created modified assignments, and not the creation of new modified assignments for partially restored employees who are out of work during the relevant time period).

was no work fitting Ms. Faust's medical restrictions. A106-07, 194-95. This is not surprising. Ms. Faust's doctor stated that she could work only in temperatures between 78 and 85 degrees. A2, 8, 163. The low end of that range is unusually high for indoors, and the high end of that range was still well below outdoor temperatures in Texas, which "were reaching 100 degrees at the time."[4] A67, A69.

Further, even if the Postal Service had been required, but failed, to engage in an interactive process with Ms. Faust, which we dispute, that failure would not render the denial of restoration "per se arbitrary and capricious." Pet. Br. at 25. "The failure to engage in the interactive process alone . . . does not violate the Rehabilitation Act." *White*, 117 M.S.P.R. at 251; *Gonzalez-Acosta*, 113 M.S.P.R. at 284; *see also Latham*, 117 M.S.P.R. at 726 n. 25 (a violation of the Rehabilitation Act "does not necessarily entail" a violation of restoration rights). Rather, Ms. Faust must show that the omission "resulted in" the failure to restore her to work with reasonable accommodations. *White*, 117 M.S.P.R. at 251; *Gonzalez-Acosta*, 113 M.S.P.R. at 284.

Here, the board affirmed the Postal Service's determination that there were no available tasks that Ms. Faust could perform, and Ms. Faust did not identify any

---

[4] Although Ms. Faust's doctor restricted her to working in temperatures between 78 and 85 degrees, A2, 163, Ms. Williams misstated that restriction as 75 to 85 degrees, A194-96, an error in Ms. Faust's favor. In any event, the board found that the Postal Service correctly interpreted the doctor's restrictions. A8.

below.  A7, 19-20.  Ms. Faust does not attempt to explain how the alleged failure to engage in the interactive process—by, for example, further discussing her medical limitations—would have changed this.  Ms. Faust's argument does not constitute a nonfrivolous assertion that the Postal Service acted arbitrarily and capriciously.  *See Gonzalez-Acosta*, 113 M.S.P.R. at 284 (failure to engage in interactive process not discriminatory where there was no appropriate vacancy).

Finally, Ms. Faust asserts that the Postal Service's denial of restoration was arbitrary and capricious because the agency conducted only two searches to identify tasks she could have performed.  Pet. Br. at 21.  But Ms. Faust does not identify any requirement for the Postal Service to have done more.  The Postal Service conducted two exhaustive searches during the approximately three month period Ms. Faust was out of work.  This was inherently reasonable.  Ms. Faust failed to raise any nonfrivolous allegation that Postal Service acted arbitrarily and capriciously based upon a failure to follow its own rules.

### 2. Ms. Faust Failed To Make A Nonfrivolous Allegation That The Postal Service Denied Her Restoration Request Based Upon Discrimination Or Retaliation

Ms. Faust also failed to raise any nonfrivolous allegation that the Postal Service's denial of restoration was arbitrary and capricious based upon disability discrimination or retaliation.  As an initial matter, even if Ms. Faust could prove disability discrimination or retaliation, which we dispute, that would not render the

19

Postal Service's failure to restore her "per se arbitrary and capricious." Pet. Br. at 34, 42. The board affirmed the Postal Service's finding that there was no work that Ms. Faust could perform given her medical restrictions. A7, 19-20. This should be the end of the matter.

An agency's intent is not an element of proof in a restoration appeal. *Latham*, 117 M.S.P.R. at 412-13. When an agency fails to comply with its substantive restoration obligations, its good faith does not relieve it of the consequences of that violation. *Id.* The opposite must also be true: where, as here, the agency fulfills its affirmative obligations, any allegedly improper motive does not somehow convert its compliance into a violation. *Cf. Regan v. Nat. Res. Group, Inc.*, 345 F.Supp.2d 1000, 1017 n.9 (D. Minn. 2004) (explaining that intent is irrelevant in reasonable accommodation case, where discrimination is framed in terms of the failure to fulfill an affirmative duty); *Cross v. Sw. Rec. Indus., Inc.*, 17 F.Supp.2d 1362, 1368-70 (N.D. Ga. 1998) (applying same reasoning in case involving restoration rights under Family Medical Leave Act).

Even if the Postal Service did discriminate or retaliate against Ms. Faust, it still would not have been required to create work where none existed. *See* A10, 20-21; *Bennett*, 118 M.S.P.R. at 278 (citing *Gonzalez-Acosta*, 113 M.S.P.R. at 282-83); *Latham*, 117 M.S.P.R. at 422 n.19 (the Postal Service "is not required to restore partially recovered individuals to 'make work' assignments, to

20

featherbedding jobs, or to work performing tasks that do not actually need to be done").

As demonstrated above, Ms. Faust did not make any nonfrivolous allegation that the Postal Service failed to comply with its substantive restoration obligations; the Postal Service conducted a proper search for work and found none available within Ms. Faust's temperature and other restrictions.[5]  Accordingly, the board lacked jurisdiction over Ms. Faust's appeal.  The Postal Service's alleged discriminatory or retaliatory intent is irrelevant.

Even assuming the relevance of the Postal Service's intent, however, the board properly found that Ms. Faust failed to make a nonfrivolous allegation of retaliatory or discriminatory intent.  First, the board found that the decision not to accommodate Ms. Faust "by creating a unique position for her does not give rise to an inference of disability discrimination because the Rehabilitation Act does not require such accommodations."  A20-21 (citing *Latham*, 117 M.S.P.R. at 431).

Second, the board found that Ms. Faust raised no facts "that would give rise to an inference of retaliatory or discriminatory motive concerning the agency's

---

[5] The board held that an appellant's retaliation and discrimination claims may be relevant to the jurisdictional analysis to the extent they show "a denial of restoration *based on* prohibited reprisal . . . or discrimination."  A20 (citing *Latham*, 117 M.S.P.R. at 431) (emphasis added).  Assuming, without conceding, the correctness of this analysis, the board's finding that the Postal Service conducted a proper search but found no work for Ms. Faust, A19-20, establishes that it did not deny her restoration "based on" retaliation or discrimination.

decision to deny [her] request for restoration." A20 (citing A448-80).[6] Rather, she made the bare assertion that the Postal Service's actions—failing to find her a modified assignment, challenging her OWCP claims, returning her to work without restriction, and delaying her return to work after she was cleared for duty—showed discriminatory intent and bad faith. *See* A448-80; *Conforto v. MSPB*, 713 F.3d 1111, 1123 (Fed. Cir. 2013) (affirming dismissal of appeal at nonfrivolous allegation stage where appellant did not present a "factual response" to support her claims, but "simply re-asserted her claims" that the agency's action was "motivated by unlawful discrimination and retaliation").

Ms. Faust does not specifically challenge these findings on appeal. Rather, she devotes much of her brief to her claim that the Postal Service was motivated by discriminatory or retaliatory animus, and she appears to argue her discrimination and retaliation claims on the merits. This Court possesses jurisdiction to review the board's jurisdictional dismissal of Ms. Faust's "mixed case" (that is, one involving both agency action within the board's jurisdiction and a related discrimination claim). *Conforto*, 713 F.3d at 1119-20. But the Court does not possess jurisdiction to consider the merits of Ms. Faust's discrimination claims. *Id.*; *see also Davidson v. USPS*, 24 F.3d 223, 223-24 (Fed. Cir. 1994) (requiring waiver of discrimination claims to appeal merits of mixed case).

---

[6] The board cites four documents, but two, IAF Tabs 6 and 12, are duplicates.

To the extent this Court might interpret as a challenge to the board's findings Ms. Faust's allegation that the Postal Service's reasons for denying her restoration request are a pretext, the Court should reject that allegation. Ms. Faust contends that the Postal Service's asserted legitimate, nondiscriminatory reasons for its action are "clearly deficient and unworthy of credence." Pet. Br. at 40-42. But she does not point to any supporting facts suggesting that the agency's reasons are false, or that discrimination was the real reason. *See, e.g., Beam v. OPM*, 77 M.S.P.R. 49, 55 (1997) (describing proof required to demonstrate pretext). Rather, she repeats allegations made elsewhere in her brief and asserts that the Postal Service "has never offered any rationale to explain" its actions. Pet. Br. at 41. Not only is this incorrect, it does not give rise to an inference that the Postal Service's asserted reasons—including that no work was available within Ms. Faust's temperature and other restrictions—were false. *See, e.g.,* A67-71 (agency EEO decision discussing legitimate, nondiscriminatory reasons). Accordingly, this Court should affirm the board's decision finding that Ms. Faust failed to make a nonfrivolous allegation that the denial of restoration was arbitrary and capricious based upon discrimination or retaliation.

Finally, even if Ms. Faust's remaining allegations were somehow deemed relevant to the board's jurisdiction over her restoration claim, rather than standalone claims of discrimination or retaliation, Ms. Faust failed to make

23

nonfrivolous allegations that would establish even a prima facie case.  For example, in support of her disability discrimination claim, Ms. Faust must show that the agency failed to provide her with a reasonable accommodation when it was required to do so.  Pet. Br. at 33-34.  Ms. Faust does not explain how or why she believes the Postal Service was required to provide her with an accommodation here.  *See* A10 (accommodations not required in every case (citations omitted)); A46-47.  And, as the board found, Ms. Faust's specific allegation that the Postal Service should have created a unique position for her does not give rise to an inference of disability discrimination because there is no such requirement under the Rehabilitation Act.  A20-21 (citing *Latham*, 117 M.S.P.R. at 431).

In support of her retaliation claim, Ms. Faust must show that Ms. Williams and Ms. Butler were aware of her prior EEO activity, and had reason to retaliate against her on that basis.  Pet. Br. at 38-39; *see, e.g., Warren v. Dep't of Army*, 804 F.2d 654, 656 (Fed. Cir. 1986).  Ms. Faust failed to allege that Ms. Williams knew of her prior EEO activity.  *See* Pet. Br. at 38-39.

Although Ms. Faust does allege that Ms. Butler was aware of that activity, she cites only her own previous statement that she "overheard conversations" between Ms. Butler and another employee.  Pet. Br. at 38.  She did not describe the content of those conversations or point to any supporting facts outside her own allegation.  A171; *see* A66.  Further, Ms. Faust did not initiate EEO contact

24

naming Ms. Butler as a responsible management official until *after* Ms. Butler

completed the search for work Ms. Faust could perform. *Compare* Pet. Br. at 38

(alleging she initiated EEO contact involving Ms. Butler on August 18, 2011), *with*

A106-07 (Ms. Butler's August 13, 2011 certification that she could find no work

for Ms. Faust). Moreover, none of the management officials at the more than 100

postal locations contacted in the Postal Service's search for work knew about

Ms. Faust's prior EEO activity; none knew her identity. *See* A197-447.

Ms. Faust's assertions of discrimination and retaliation are "merely

conclusory." *Bante*, 966 F.2d at 649. They lack the necessary factual support to

rise to the level of a nonfrivolous allegation that the Postal Service acted arbitrarily

and capriciously when denying her restoration request.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should affirm the board's decision

dismissing Ms. Faust's appeal.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

/s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

Of Counsel:

/s/Allison Kidd-Miller

DAVID C. BELT

Appellate Attorney

United States Postal Service

475 L'Enfant Plaza SW

Washington, DC 20260

ALLISON KIDD-MILLER

Senior Trial Counsel

Commercial Litigation Branch

Civil Division

Department of Justice

PO Box 480, Ben Franklin Station

Washington, DC 20044

Tel: (202) 305-3020

February 18, 2014

Attorneys for Intervenor

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 18th day of February, 2014, a copy of the foregoing "BRIEF FOR INTERVENOR" was filed electronically.

**<u>X</u>** This filing was served electronically to all parties by operation of the Court's electronic filing system.

<u>      /s/Allison Kidd-Miller      </u>

_____ A copy of this filing was served via:

      _____ hand delivery

      _____ mail

      _____ third-party commercial carrier for delivery within 3 days

      _____ electronic means, with the written consent of the party being served

To the following address: